UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES BLOW,

      Plaintiff,

v.                                   CASE NO. 6:05-cv-1512-Orl-19JGG

JIM MCMASTER, et al.,

      Defendants.

_____

## ORDER OF DISMISSAL

      Plaintiff, confined in a Florida prison and proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

> (b)   Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)   seeks monetary relief from a defendant who is immune from such relief.

      In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a

---

[1]This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415,1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A complaint is frivolous if it is without arguable merit either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996).  The Court must read the plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that his due process rights were violated.  According to Plaintiff, he appeared before Defendant Preston Silvernail, a state court judge, regarding four separate criminal cases.  Defendant Jim McMaster was the assistant state attorney assigned to the cases and Defendants Harley Gutin, Tony Hernandez, III, and Steve Wisoaker all served as defense counsel for Plaintiff.  Plaintiff contends that he was initially determined to be incompetent to proceed to trial in the four cases and was involuntarily committed to a state hospital.  Plaintiff was subsequently returned to court, but "was not rendered due process of law, or fair hearing, to determine if [he] was competent to stand trial, or accept the benefit of a plea bargain or plea to [a] judge in said cases."  (Doc. No. 1 at 9.)  Plaintiff also alleges that certain material evidence within the State's control was not revealed to him. He seeks compensatory, actual, and punitive damages from each defendant.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements are present:

    1.     whether the conduct complained of was committed by a person acting under color of state law; and

2.      whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution of laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Tillman v. Coley*, 886 F.2d 317, 319 (11th Cir. 1989);

*Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989); *Cornelius v. Town of Highland Lake, Alabama*, 880 F.2d 348, 352 (11th Cir. 1989).

The Court finds that the actions of Defendant Silvernail occurred while he was conducting judicial proceedings. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."). Because Defendant Silvernail enjoys absolute immunity from monetary damages, Plaintiff's claims against him must be dismissed as frivolous.

Defendant McMaster is immune from suit under section 1983 for acts taken during the course of his duty as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's

function as an advocate).  In the present case, Defendant McMaster is cloaked with absolute immunity for the alleged improper activities which were associated with the judicial phase of the proceedings.  *See Allen v. Thompson*, 815 F.2d 1433, 1434-1435 (11th Cir. 1987). Consequently, Defendant McMaster is entitled to absolute immunity for the alleged wrongdoings set forth in the complaint, and the claims against him must be dismissed as frivolous.

With regard to Defendants Gutin, Hernandez, and Wisoaker, there is no allegation that these attorneys are state actors within the meaning of § 1983.  In *Polk County v. Dodson*, 454 U.S. 312 (1981),  the United States Supreme Court made clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Id.* at 325 (citations omitted); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).   Furthermore, private individuals, such as appointed counsel, cannot normally be held liable under § 1983.  *See Medina v. Minerva*, 907 F. Supp. 379, 383 (M.D. Fla. 1995) (stating that § 1983 was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys).  The only allegations regarding Defendants Gutin, Hernandez, and Wisoaker concern the course of Plaintiff's criminal defense.  Thus, the Court is satisfied that Plaintiff's complaint should also be dismissed as to these three defendants as frivolous.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      This case is **DISMISSED as frivolous**.

4

2.      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2, filed October 11, 2005) is **DENIED.**

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this ___10th___ day of November, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 11/10
James Blow

5